IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEVON LYTRELL EWING,

                              Plaintiff,

   v.

ANN KREUGER and BRIAN HAYES,

                            Respondents.

OPINION & ORDER

18-cv-70-jdp

---

     Petitioner Devon Lytrell Ewing, a former state of Wisconsin inmate at the Kenosha Correctional Center, seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging the revocation of his probation. Ewing has paid the filing fee, and this case is now before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

     In 2010, Ewing was convicted of discharging a firearm from a vehicle. He received 11 months of jail time, followed by probation. In 2015, Ewing's probation officer recommended revoking Ewing's probation because he had moved without approval from his agent, and he acted in a disorderly manner during an incident in which he hit a woman. Ewing's probation was revoked, and he was sent to prison. In 2016, he filed a state-court petition for writ of habeas corpus, contending that he received ineffective assistance of counsel at his revocation proceedings, that he was denied a competency hearing, and that he had newly discovered evidence that the victim recanted her original version of events.

     The state circuit court denied his petition in January 2018. Ewing filed this petition in February, along with a letter in which he asks this court to "take jurisdiction over my federal habeas corpus and allow me to by pass the court of appeals and Wisconsin Supreme Court" in

part because the judge who revoked him is not on the court of appeals and he believes that he would not receive unbiased consideration there. Dkt. 2.

I will dismiss the petition because it is clearly without merit, for two reasons. The first is that it is almost certainly moot. Ewing filed this petition in February 2018, but the Wisconsin "Offender Locator" website shows that he was released from prison back onto extended supervision in April. *See* https://appsdoc.wi.gov/lop/.

But even if the case wasn't moot, it would have to be dismissed because Ewing cannot "bypass" the state courts to bring his habeas claim here. Under the rules governing habeas corpus petitions, a state prisoner must fully exhaust his claims by presenting them at all levels of review in the state courts before the federal court may consider the claims on their merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A). By failing to present his state-court habeas claims to the Wisconsin Court of Appeals or Wisconsin Supreme Court, Ewing has failed to exhaust his state court remedies. Because the time for presenting those claims has passed, his failure to exhaust constitutes a procedural default that prevents this court from considering the merits of the claims. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) (failure to exhaust available state court remedies constitutes a procedural default).

In very rare circumstances, the court may overlook a petitioner's procedural default, but those circumstances are not present here. Ewing cannot establish cause for defaulting, because his belief that he can't get a fair shake in the court of appeals is nothing more than unwarranted speculation about the court of appeals judges' ability to fairly judge matters involving a colleague. Instead of improperly filing this federal action, Ewing should have filed an appeal along with a motion for recusal of judges he believed could not be impartial. Petitioners "cannot

simply opt out of the state review process because [they are] tired of the results [they are] getting." *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995).

Nor can Ewing meet the relatively high bar for overcoming procedural default by showing his revocation proceedings were a miscarriage of justice because he is actually innocent. *See Schlup v. Delo*, 513 U.S. 298 (1995). This court has previously ruled that the *Schlup* actual-innocence doctrine does not apply to a probation revocation because the habeas petition does not challenge the actual original crime of which the petitioner had been convicted. *See Sanders v. Paquin*, No. 09-CV-472-BBC, 2009 WL 2450362, at *6 (W.D. Wis. Aug. 7, 2009) ("Petitioner is imprisoned on the underlying counts of failure to support. The revocation of his probation affected only the manner in which he served his sentence. An error that increases the punishment (or in this case, the degree of punishment) for a non-capital offense does not constitute a fundamental miscarriage of justice."). Even if *Schlup* did apply, Ewing's argument for actual innocence is that the victim recanted her original story that Ewing hit her.[1] But the victim already backed off her original story at the revocation hearing, and the administrative law judge found that testimony incredible compared to her original version. *See* Dkt. 1-6. A third account from the victim is simply not the type of striking "newly discovered evidence" contemplated in *Schlup* that would be necessary to definitively show that he was actually innocent of the offense. So procedural default dooms his petition.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain

---

[1] I will set aside the other reason for his revocation—his changed address. I do not take him to be saying that he is actually innocent of that offense. But I will assume for purposes of this discussion that his act of violence was the major reason for the revocation.

a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate whether Ewing is entitled to relief under § 2254. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Devon Lytrell Ewing's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. Ewing is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered July 16, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge